# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GAE LAMBERT, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF BRIAN LAMBERT, DECEASED, | Case No. 1:12 CV 268 |
| Plaintiff, | Judge Dan Aaron Polster |
| vs. | **ORDER** |
| CUYAHOGA COUNTY et al., | |
| Defendants. | |

On December 17, 2009, Brian Lambert pled guilty to several criminal counts, and the sentencing judge remanded him to the Cuyahoga County Corrections Center. (Doc. # 1-2 at 7). In light of Lambert's mental-health history, the judge directed the corrections officials to place him on "suicide watch." (Doc. # 1-2 at 7). Although the jail officials initially complied with the judge's directive, Lambert was taken off "full precautions" status on December 18, 2009. (Id. at 1–2). Two days later, on December 20, 2009, he wrapped a shirt around his neck and committed suicide. (Id. at 2).

Plaintiff Gae Lambert, surviving spouse and executor of Lambert's estate, subsequently filed this § 1983 suit against a number of Defendants, including Cuyahoga County, Bob Reid, Kenneth Kochevar, and Christine Dubber, in their individual and official capacities. At the time of the underlying events, Defendant Reid was the Cuyahoga County Sheriff; Defendant Kochevar was the Director of the Cuyahoga County Corrections Center; and Defendant Dubber was the Health Care Services Manager for the Corrections Center. Plaintiff alleges that

Defendants violated Lambert's rights to be free from cruel and unusual punishment, to be protected, and to receive adequate medical care.  (Doc. # 1-2 at 10).  Plaintiff also asserts various state-law claims.  (Id. at 11–13).

Defendants' partial Motion to Dismiss (Doc. # 9) is now before the Court.  Defendants ask this Court to dismiss: (1) the § 1983 claims against Defendants Reid, Kochevar, and Dubber in their official capacities as redundant since Plaintiff is already suing Cuyahoga County; (2) the state-law claims against Cuyahoga County because Ohio Revised Code § 2744.02(A)(1) grants immunity to political subdivisions for state-law personal-injury claims caused by any act or omission in connection with a governmental function; and (3) the state-law claims against Reid, Kochevar, and Dubber in their official capacities because they are subject to political-subdivision immunity under § 2744.02 and *Lambert v. Clancy*, 927 N.E.2d 585, 591 (Ohio 2010).

Plaintiff agrees that the § 1983 claims against Reid, Kochevar, and Dubber in their official capacities are redundant and should be dismissed.  Plaintiff also agrees that § 2744.02(A)(1) grants immunity to Cuyahoga County, as a political subdivision, for the state-law claims.  Plaintiff does not agree, however, that Reid, Kochevar, and Dubber are entitled to immunity under § 2744.02, which provides:

> Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

Ohio Rev. Code § 2744(A)(1).  In *Lambert*, the Ohio Supreme Court extended the § 2744.02 political-subdivision immunity to "lawsuits in which the named defendant holds an elected office

within a political subdivision and that officeholder is sued in his or her official capacity." *Id.* at 591.

Section 2744.02 applies to Reid because he was holding an elected position at the time of the underlying events.  Kochevar and Dubber are not, however, entitled to immunity under § 2744.02 because they were not holding elected offices at that time.

Accordingly, the Court **GRANTS** in part Defendants' Motion to Dismiss **(Doc. # 9)** and dismisses the official-capacity § 1983 claims against Defendants Reid, Kochevar, and Dubber, the state-law claims against Cuyahoga County, and the official-capacity-state-law claims against Defendant Reid.  The Court **DENIES** Defendants' Motion as to the official-capacity-state-law claims against Defendants Kochevar and Dubber.

**IT IS SO ORDERED.**

          */s/ Dan A. Polster   4/9/12*
          **Dan Aaron Polster**
          **United States District Judge**